IN THE UNITED STATES DISTRICT COURT
FOR
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ANDREW D. JOHNSON,** * | |
| * | |
| **Plaintiff,** * | |
| * | |
| v. * | |
| * | **Case No.:** _____ |
| **PETER GEREN in his Official Capacity as** * | |
| **Secretary of the Air Force,** * | |
| **1670 Air Force Pentagon** * | |
| **Washington, D.C. 20330** * | |
| * | |
| * | **VERIFIED** |
| **Serve:** * | **COMPLAINT** |
| **United States Attorney for** * | |
| **the District of Columbia** * | |
| **555 4th Street, N.W.** * | |
| **Washington, D.C. 20001** * | |
| * | |
| **and** * | |
| * | |
| **Attorney General of** * | |
| **the United States Department of Justice** * | |
| **10th & Constitution Ave., N.W.** * | |
| **Washington, D.C. 20530** * | |
| * | |
| And * | |
| * | |
| **CHURCH OF GOD MINISTRIES,** * | |
| **120 East 5th St.** * | |
| **P.O. Box 2420** * | |
| **Anderson, IN 46018-2420** * | |
| * | |
| **Serve: Ronald Duncan,** * | |
| **General Director** * | |
| **120 east 5th St.** * | |
| **Anderson, IN 46018** * | |
| * | |
| **Defendants.** * | |
| * | |

Comes now Plaintiff, Andrew D. Johnson ("Plaintiff") by and through undersigned counsel, Glassman & Bullock and Stephen C. Glassman, and files this Complaint against the **SECRETARY OF THE AIR FORCE** (the "Secretary") and the **CHURCH OF GOD MINISTRIES** ("Church" and collectively with the Secretary, "Defendants") states as follows:

I.

**Jurisdiction and Venue**

1. This Court has jurisdiction over the Secretary of the Air Force pursuant to Title 5 U.S.C. 552 and 702-706 and 28 USCS § 1331. This Court has jurisdiction over the Church of God Ministries pursuant to 28 USCS § 1332 (complete diversity and amount in controversy in excess of Seventy-five Thousand Dollars ($75,000)). Plaintiff further requests that this Court exercise pendent jurisdiction over State claims asserted herein pursuant to 28 U.S.C. §1367. Venue is founded on Title 5 U.S.C. 552a(g)4(B) and 28 U.S.C. §1391 as to the Secretary of the Air Force and 28 U.S.C. §1391 as to the Church of God Ministries.

2. Authority of this Court to issue the mandamus requested herein is established in 28 USCS § 1651.

II.

**Parties**

3. Plaintiff is a citizen of the Untied States and physical resident of the State of Florida incident to military orders and a citizen of the State of Texas. He is a Major in the United States Air Force. As demonstrated further herein, the Plaintiff was harmed by the intentional, willful, malicious and negligent acts of the Defendants.

4. Defendant **PETER GEREN** is the Secretary of the Department of the Air Force (the "Secretary"). As such he is charged with the responsibility of implementing and carrying out the provisions of the Freedom of Information Act (the "Act") for the Department of the Air Force. The Department of the Air Force ("USAF") is an agency of the United States Department of Defense as that term is defined in 5 U.S.C.S. 522 and as such, subject to restraints of disclosure of personal information by 5 U.S.C.S. 522a. As detailed further below, in 2005, the Defendant initiated an investigation into the conduct of the Plaintiff and thereafter improperly and illegally released information about the Plaintiff contained in the report promulgated by the Defendant to the Church of God Ministries, a private organization. As a result of the Defendant's illegal actions, the Plaintiff was improperly de-credentialed and had his endorsement from the Church withdrawn, and he was removed from and stripped of his ministerial duties within the USAF.

5. The Church of God Ministries, Inc. is an Indiana non-profit domestic corporation with its principal place of business in Anderson, Indiana. The Church is the credentialing entity for ministers including the Plaintiff within its sect of the Protestant Church. In that capacity it ordained and credentialed the Plaintiff as a Protestant Minister. The Church also served as the Plaintiff's endorser for purposes of endorsing his credentials so that the Plaintiff could serve as a Protestant Chaplain in the USAF. As set forth hereinafter, upon the illegal interposition by the USAF, the Church wrongfully revoked the Plaintiff's credentials and has caused him irreparable harm.

### III.

### Facts Common to All Counts

6.      Plaintiff is a Major in the United States Air Force. He has been a member of USAF for sixteen and one-half (16.5) years. He is a Protestant Chaplain and served in that capacity in the USAF. During his tenure in the USAF, Plaintiff rose to the position of Senior Protestant Chaplain and most recently, served in that position at Elgin Air Force Base. As part of his duties, he was responsible for management and oversight of a Parrish with over Thirty Thousand (30,000) annual members. Throughout his career, the Plaintiff has been successful in his capacity as Chaplain in the USAF, earned high praise from his superiors and commendation from his commanding officers. In annual performance reviews, the Plaintiff was described by his supervisors as a superior leader, a powerful orator and an "astute" supervisor. Prior to his summary removal from his duties in 2005 Plaintiff served as the head Protestant chaplain at a number of congregations throughout the military community. His record includes stations in Italy and Kuwait as well as several Air Force bases in the United States. He has received numerous commendation medals for his performance. His duties included, but were not limited to, organizing church events, giving sermons, supervising and overseeing prayer sessions, providing religious counseling and other activities. He is married and the father of five (5) children.

7.      The Church has credentialed the Plaintiff from his ordination until 2005 when his credentials were summarily withdrawn. The Church issued an endorsement endorsing Plaintiff's credentials so that he would be able to serve as a Protestant Chaplain in the

USAF. Without those credentials, the Plaintiff is unable to serve as a pastor in any church.

8.  The process by which the Church regulates the ordination of a minister and the awarding, maintaining and removal of credentials is contained in the Credentials Manual of the Church of God ("Manual"). Pursuant to the Manual the credentialing process is governed by the Credentialing Committee.

9.  The Manual provides a two-step process in investigating allegations of impropriety. As to revocation of an ordained minister's credentials, the Manual provides that the Church must conduct an investigation into allegations of impropriety. As to the investigation, the Manual provides in pertinent part:

> 7.32 Investigation of a Charge of Ethical/Moral/Doctrinal/Professional Failure: Responsibilities of the Credentialing Committee
> When aware that any of the above or equally serious conditions may exist, the Credentialing Committee is expected to initiate investigation, disposition, notification and the keeping of reports and other records.
>
> All reports of clergy ethical, moral, doctrinal or professional failure will be diligently investigated by the Credentialing Committee and/or its appointed representatives and documented in writing. Ascertaining the truth and arriving at appropriate resolutions in such cases may require assistance of professional experts to investigate charges and recommend appropriate resolutions.
>
> In responding to a report of alleged clergy failure, the Credentialing Committee shall:
> A.  In responding to a report of alleged clergy failure, the Credentialing Committee shall:
>     1.  Notify the minister involved of the allegation;
>     2.  Conduct a preliminary review to determine whether a thorough investigation appears justified; and as a first step in this review, as the complainant, to write and sign a detailed statement of the allegation.
> B.  If the allegation appears to warrant, the Credentialing Committee will then appoint an investigative committee (membership detailed in 7.33.1 below) which shall work under the direction of the Credentialing Committee.
> C.  The continuation of the investigation and subsequent conclusions of action shall become the responsibility of the Credentialing Committee based in

5

        large part but not entirely on the results of the work of the investigative committee.

    D.    Once it is determined that formal investigation is warranted, all documents associated with the allegation and investigation are then to become the part of the minister's professional file.

    E.    If any person or committee related to the Credentialing Committee has reason at any time to suspect that the alleged offense involves sexual or other abuse of a minor, or any other reportable criminal activity, proper authorities shall be notified immediately as prescribed by local law.

10.    In January and February, 2005, for unknown reasons, the Plaintiff began experiencing hostility in the workplace. That is, while working on Elgin Air Force Base, Plaintiff's contemporaries and supervisors began discussing his private life while not in the presence of the Plaintiff. The pitch of discussion about the Plaintiff grew to such fervor that Plaintiff's co-workers complained, albeit inaccurately, to Plaintiff's supervisors that Plaintiff was a poor supervisor and improperly using race as a basis in his sermons. Co-workers reported to Plaintiff's supervisors that they believed the member had been discharged by the time the allegations were made that Plaintiff was having an extra-marital affair with a junior enlisted member of the USAF assigned to the 96th Mission Support Squadron. In response, Plaintiff's supervisors began reducing Plaintiff's responsibilities. In fact, in February, 2005, the Plaintiff was removed from his position as Senior Protestant Chaplain at Elgin Air Force Base. On February 23, 2005, the Plaintiff received a Cease and Desist Order and No Contact Order which instructed Plaintiff to desist all fraternization with the junior enlisted member described herein.

11.    In March, 2005, the USAF through the Office of Special Investigations ("OSI" or "AFOSI") initiated an investigation into Plaintiff's conduct. The investigation focused on allegations that the Plaintiff engaged in an extra-marital affair with a junior enlisted member of the USAF which it is alleged resulted in her pregnancy. If such an

investigation proved true it would raise an issue which could be considered by the Church Credentialing Committee pursuant to the Church's Manual.

12. The Manual lists a series of ministerial actions which require discipline. Those actions include: sexual misconduct, whether with the same or opposite sex; neglect to maintain biblical expectations of family relationships; disruptive behavioral patterns injurious to the internal unity of the congregation(s) served; unethical behavior, including any conduct unbecoming to the professional ministry; and failure to respond to an invitation to meet with the Credentialing Committee with jurisdiction in the area of that minister's current service.

13. The AFOSI investigation was initiated at the request of Colonel Robert W. Gardner, Commander, 96th Air Base Wing HC, Elgin Air Force Base in order to ascertain the validity of the allegation of "Adultery/Fraternization" leveled against the Plaintiff. The investigation lasted several months. Numerous witnesses were interviewed. In all, Nineteen (19) witnesses, including the Plaintiff and the junior enlisted member alleged to be part of the fraternization and alleged to be the paramour in the alleged adulterous relationship were interviewed. Air Force Office of Special Investigation ("AFOSI") relied on numerous confidential sources for information. The Plaintiff declined to comment on the allegations and invoked his right to legal counsel.

14. The investigation included a review of the Plaintiff's electronic mail correspondences as well as intercepts of the Plaintiff's telephone communications. None of the intercepts or electronic mail provided anything other than uncorroborated circumstantial evidence to support the allegations which were made against Plaintiff. In

fact, a review of the Plaintiff's active government electronic mail account contained no information pertinent to the investigation.

15. None of the witnesses provided any first hand or eye-witness evidence as to the Plaintiff's alleged adulterous conduct nor did it corroborate the existence of a child from the alleged adulterous relationship. Many witnesses provided the AFOSI with testimony consisting of rumors or hearsay. Moreover, the purported paramour, the junior officer, refused to participate in the investigation and did not provide any corroborating evidence or testimony to the AFOSI. Electronic mails allegedly sent by the junior officer, the content of which were never independently verified or proven, suggesting she was in fact pregnant with Plaintiff's child have never been confirmed. The Investigation Report ("Report") was finalized on June 21, 2005. In the Report, none of the allegations could be definitively substantiated.

16. There were also allegations concerning the Plaintiff's leadership qualities, or lack thereof. AFOSI interviewed numerous subordinates and supervisors. The results of the interviews were mixed. Several witnesses offered testimony of support for the Plaintiff. Others expressed objection to the Plaintiff's leadership tactics and practices.

17. On August 17, 2005, R. David Erb ("Erb"), Chaplain Ministries Coordinator for the Church, in violation of the provisions of the Manual, wrote a letter to Plaintiff ("August 17 Letter") wherein he announced that the Church had revoked Plaintiff's ministerial credentials. The decision of Mr. Erb announced as if it was a decision of the Church was based on what he regarded as a "formal legal finding of the Department of the Air Force Office of Special Investigations". See, Exhibit 1 attached hereto which is a copy of the August 17 letter from Erb to Plaintiff. In his letter Erb admitted that in

addition to receiving the executive summary of the OSI Report he also was contacted by a number of officials in the Air Force. It is believed and therefore alleged that these individuals acting in their official capacity sought to convince Mr. Erb to take the action he took; that is, to revoke the Plaintiff's credentials so that the USAF could take action to remove him from his position as Senior Pastor Chaplain. Notwithstanding those telephone calls Mr. Erb states that the Church based its decision on the OSI Report. In particular, Erb notes that the Church obtained and/or reviewed summary findings of the OSI investigation. Mr. Erb asserts that "the summary findings and supporting documents of the (OSI) meet the investigative requirements of sections 7.32 and 7.33 of the Credentials Manual of the Church of God." Ex. 1. Mr. Erb is silent on the issue of whether he followed the procedures of the Manual, which he did not.

18.     On September 13, 2005, the USAF through Jeffrey A. Dull, Colonel, ("Dull") issued a Memorandum from the Advisory Committee on Ethics Standards Report and Recommendation concerning Plaintiff. In the Memorandum, after noting that AFOSI conducted an investigation into the allegation that Chaplain Johnson engaged in adultery and fraternization, stated:

> The AFOSI ROI [Report of Investigation] Executive Summary was sent to Chaplain Johnson's endorser, Reverend Richard D. Erb., Church of God, Anderson, Indiana. After receiving the report, the Church of God withdrew Chaplain Johnson's endorsement. See, Exhibit 4 attached hereto which is a copy of the Memorandum written by Colonel Dull.

19.     In the Memorandum, Dull recommends that withdrawal proceedings be initiated against Plaintiff as a result of the alleged misconduct. Ex. 2.

20.     On September 14, 2005, the Defendant through Edmond B. Keith, Colonel, USAF Commander, issued a Letter of Reprimand to the Plaintiff in which the Defendant wrongfully accused Plaintiff of:

    a.    Engaging in an unprofessional relationship with the junior officer;

    b.    Having an adulterous affair with the junior officer;

    c.    Concealing misconduct;

    d.    Violating the No Contact Order;

    e.    Concealing misconduct by recommending to an enlisted person that she have an abortion;

    f.    Making inappropriate sexual comments to an enlisted female in 2004 while deployed in Kuwait; and

    g.    Engaging in abusive conduct towards coworkers.  See, Exhibit 3 attached hereto which is the Letter of Reprimand.

21.     The Reprimand Letter was placed in the Plaintiff's file and is a part of his professional and military record.  Ex. 3.

22.     At present the Plaintiff is unable to practice his chosen profession because of the of the Defendants who directly or through their authorized designees worked in concert to ensure that the Plaintiff lost his chaplain credentials so that he would be removed from his post in the Air Force.  Such actions as to the Secretary were in violation of established law and regulations, arbitrary, capricious and an abuse of authority which has harmed the Plaintiff as detailed further below.  Such actions as pertains to the Church are in direct violation of its regulations, its contractual obligations to the Plaintiff and in violation of its quasi-governmental status as a credentialing authority for its ministry.

## III.

### Count 1: Violation of 5 U.S.C.S. 522a
### (Secretary of the USAF)

23. Plaintiff incorporates by reference the factual allegations contained in paragraphs 1 through 22 above as if fully set forth herein.

24. The Secretary as head of an agency of the United States is prohibited from disclosing any record pertaining to the Plaintiff to the Church unless the Plaintiff authorizes disclosure in writing or for some other reason as detailed in 5 U.S.C.S 522a(b) not applicable herein. Notwithstanding the prohibition against disclosure, the Secretary, or those acting with his authority disclosed to the Church records protected from disclosure by 5 U.S.C.S. 522a. The disclosure was for purposes not permitted by the law of the United States. The documentation which was released was insufficient to demonstrate that the allegations were corroborated, substantiated and based on adequate evidence and were correct. The Secretary and those acting on the authority of the Secretary disclosed the information willfully, wantonly, intentionally, and with the specific intention of injuring the Plaintiff and such a disclosure was so egregious and unlawful that anyone undertaking such actions would know them to be unlawful within the terms of 5 U.S.C.S. 522a.

25. The Secretary, as custodian of records, is obligated to amend the records of the Plaintiff when they are incorrect or inaccurate.

26. As a consequence of the Secretary's failures to (1) maintain accurate records and (2) protect the Plaintiff's records from disclosure and his willful disclosure of the Plaintiff's records to the Church, the Plaintiff has been harmed. As a direct and proximate cause of the Secretary's unlawful disclosure of the Report, a report which

11

contains inaccurate, false and unsubstantiated records and information, Plaintiff was stripped of his ministry credentials, terminated from his position as Chaplain within the Church and stripped of his post in the Air Force and otherwise damaged.

### Count 2:   Writ of Mandamus
### (USAF)

27. Plaintiff repeats and realleges the factual allegations contained in paragraphs 1 through 22 above as if fully set forth herein.

28. Plaintiff seeks a writ of mandamus to compel the Defendant USAF to reinstate him to his previous position as Senior Protestant Chaplain. As demonstrated herein, no other relief is available to the Plaintiff other than the injunctive relief requested herein.

29. The Defendant USAF is under the clear duty to reinstate the Plaintiff to his previous position since the decision to remove him from his position was based on illegal actions and the improper disclosure of protected information to the Defendant Church.

30. No other adequate remedy is available to the Plaintiff notwithstanding his suit for damages. Without the relief requested herein, Plaintiff will never be able to serve as a Protestant Chaplain in any division of the United States Department of Defense or as a minister anywhere else in the world.

31. The Plaintiff requests the relief detailed further below.

### Count 3:   Negligence
### (Church)

32. Plaintiff incorporates by reference the factual allegations contained in paragraphs 1 through 22 above as if fully set forth herein.

33. At all times pertinent herein, Plaintiff was an ordained ministered credentialed as such by the Church. The Church owed the Plaintiff the duty of care applicable to all

credentialing bodies to adhere to the policies, regulations and practices governing the issuance and revocation of credentials. Those duties include, but are not limited to conducting thorough investigations upon receipt of complaints of impropriety as described in the Manual.

34. The Church failed to maintain this standard of care and breached its duty owed to the Plaintiff by summarily revoking the Plaintiff's credentials with out following the specific policies and procedures contained in the manual which obligated the Church Credentialing Committee to conduct an independent investigation including the collection of statements from the purported victim and notice to the Plaintiff. By failing to conduct an investigation according to the terms of the Manual and by summarily taking disciplinary action against the Plaintiff, the Defendant Church breached its own procedures and its duty owed to Plaintiff. Said actions were undertaken willfully, maliciously or with the specific intention of harming the Plaintiff.

35. As a consequence of the aforementioned breach, the Defendant Church proximately caused and did in fact cause harm and injury to the Plaintiff. The injuries sustained by the Plaintiff as a direct and proximate result of the Defendant Church's actions and/or inactions include, but are not limited to, the loss of employment and loss of position in the USAF as a result of the revocation of credentialing, loss of employment opportunity, loss of opportunity for promotion, emotional and psychological harm and other injuries which may become known through discovery.

36. As a consequence of the foregoing, the Plaintiff was harmed as more fully set forth below.

### Count 4:     Breach of Contract
### (Church)

37.     Plaintiff incorporates by reference the factual allegations contained in paragraphs 1 through 22 above as if fully set forth herein.

38.     At all times herein the Plaintiff and the Church were in a contractual relationship as evidenced by the Manual which sufficiently details the expectations of the parties to qualify as a contract.  As such, the Church owed the Plaintiff contractual duties, including but not limited to, conducting an investigation in accordance with the terms of the Manual and to not summarily revoke the Plaintiff's chaplain's credentials without conducting an allegation into the Plaintiff's actions in accordance with the manual.

39.     The Church failed to conduct an investigation according to the terms of the Manual/contract.  Indeed, the Church failed to conduct any investigation whatsoever and determined to revoke the Plaintiff's chaplaincy credentials based upon the unsubstantiated, uncorroborated and insufficient allegations contained in the OSI Executive Summary of the Investigation Report which was illegally forwarded to the Church.  Failing to conduct an investigation according to the terms of the Manual and failing to impose discipline according to the terms of the Manual/contract amounts to a material breach of the Manual/Contract.

40.     As a consequence of the Church's material breach of the Manual/Contract, the Plaintiff was harmed.  The harm incurred by the Plaintiff includes, but is not limited to, the loss of employment in his chosen profession, the loss of his position within the USAF, the loss of opportunity for promotion as well as the loss of opportunity for other employment and other injuries which may become evident during discovery.

41. The Plaintiff was injured as detailed further below.

### Count 5: Fraud
### (Church)

42. Plaintiff incorporates by reference the factual allegations contained in paragraphs 1 through 22 above as if full set forth herein.

43. For all times pertinent to this law suit, the Defendant Church made representations of material fact to the Plaintiff. Those representations of material fact include, but are not limited to, that the Church would adhere to the policy regarding discipline and revocation of credentials before imposing any discipline and by representing to the Plaintiff that the Executive Summary and supporting documents received and reviewed by the Church meet the requirements of Sections 7.32 and 7.33 of the Manual. The representations made by the Church, however, are false because the Church did not conduct an investigation or adhere to the policy detailed in the Manual before imposing discipline on the Plaintiff and the Executive Summary and supporting documents received by the Church complied with the standards imposed by the Manual. Thus, the Church willfully made false representations of material fact to the Plaintiff.

44. The Church knew that the representations were false, or the representations were made with such reckless disregard for the truth that knowledge of the falsity of the statement can be imputed to the Church. The Church knew or should have known that the Executive Summary did not comply with the standards imposed by the Manual and that it failed to conduct an independent investigation as required by the Manual.

45. The purpose of the false representations made by the Church was that the Church intended to defraud Plaintiff by summarily revoking his credentials without sufficient due process.

46.     Throughout the entire period of time the Plaintiff was credentialed and affiliated with the Church, the Plaintiff relied on the representations made by the Church in the Manual that the guidelines and policies detailed in the Manual would be adhered to by the Church and that he would receive sufficient process before the Church took any disciplinary action in general or before it revoked his credentials in particular. The Plaintiff's reliance on the Church's representations through the Manual was justified and appropriate under the circumstance.

47.     As a consequence of the Church's actions, the Plaintiff was harmed as detailed further below.

### Count 6:     Injunctive Relief
### (Church)

48.     Plaintiff incorporates herein the factual allegations contained in paragraphs 1 through 22 above as if fully set forth herein.

49.     Plaintiff requests that this Court issue an injunction to compel the Church to reinstate the Plaintiff's credentials pending final resolution of this case.

50.     Plaintiff is likely to succeed on the merits.  As demonstrated herein, the Defendant Church has taken summary action against the Plaintiff in violation of the Church's Manual.  In so doing, the Church has failed to conduct an independent investigation as required, breached its duties owed to the Plaintiff and made misrepresentations of material fact.

51.     In taking the illegal action identified above, the Plaintiff has been irreparably harmed.  As a result of the Church's summary and illegal actions, the USAF has taken disciplinary action against the Plaintiff it could not otherwise take but for the Church's summary and illegal actions.  As a consequence of the Church's actions, the Plaintiff has

been removed from his position in the USAF and stripped of his chaplaincy in the military. He cannot serve as a chaplain without the credentials endorsed by the Church. As a consequence of the Church's actions, the Plaintiff has been irreparably harmed.

52.     The Defendant Church will not be harmed should this Court impose the injunctive relief requested herein. All defenses and claims of the Church will remain viable.

53.     Public policy supports granting the injunctive relief requested herein. The status quo will be maintained by imposition of the injunctive relief requested. Without it, the Plaintiff is unable to work in his chosen field and is subject to continuing discipline from the USAF. Failure to grant the injunction requested herein will, in effect, give credence to the Church's illegal actions. Public policy cannot support illegal actions in this case.

54.     Plaintiff requests that this Court enter the relief requested below.

WHEREFORE, Plaintiff prays that this Court:

    a.    Award Plaintiff actual damages in the amount of One Million Dollars ($1,000,000.00), against the USAF for the unlawful disclosure of protected information;

    b.    Award Plaintiff actual damages in the amount of Three Million Dollars ($3,000,000.00) against the Church for the actions indicated above;

    c.    Award Plaintiff punitive damages in the amount of Nine Million dollars ($9,000,000.00), against the Church for the actions indicated above;

    d.    Award the Plaintiff reasonable attorney fees and other litigation costs reasonably incurred in relation to this action against the USAF per §5 U.S.C.S. 522a;

e. Issue an order which enjoins the Church from taking any further action against the Plaintiff in an effort to revoke his credentials;

f. Issue an Order which compels the Church to reinstate the credentials of the Plaintiff;

g. Issue an Order which compels and restrains the USAF from imposing any disciplinary actions on the Plaintiff related to the Investigation Report;

h. Issue an Order which compels the USAF to reinstate the Plaintiff to his position as Senior Pastor Chaplain;

i. Issue a Writ of Mandamus to the Defendant Geren as Secretary of the United States Air Force which compels the Defendant Geren to:

  i. Notify the Church, in writing, that it erroneously released protected information to the Church, to wit, the Executive Summary of the Investigative Report;

  ii. Instruct the Church in writing to not act on any of the information presented to the Church by the Defendant Secretary of the Air Force or any member of the Air Force concerning any disciplinary action or investigation involving the Plaintiff; and

  iii. Comply with its regulations and the regulations of the United States Department of Defense regarding the disclosure of protected information and not disclose protected information concerning the Plaintiff to any third-party without written authorization from the Plaintiff as required by 5 U.S.C.S. 522a.

j.	Award Plaintiff other relief as this Court deems just and proper.

Respectfully submitted,

GLASSMAN & BULLOCK

_____
Stephen C. Glassman, Esquire
D.C. Bar No. 024042
1950 Old Gallows Road, Suite 700
Vienna, VA 22182
(301) 670-9200

Counsel for Plaintiff

### JURY DEMAND

Plaintiff hereby demands a trial by jury on any issue triable of right by a jury.

### Verification

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on _____.

_____
Andrew Johnson

STATE OF FLORIDA	)

COUNTY OF 	)

The foregoing instrument was acknowledged before me on _____,

by _____, who is personally known to me or has produced _____

_____ as identification and who    did/did not    take an oath**.**

WITNESS my hand and official seal, on _____.

_____
Notary Public
State of Florida

My Commission expires:           .

19