**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **ANDREW D. JOHNSON** | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| **v.** | ) | **Case No. 1:05 CV 02079 RMU** |
| | ) | |
| **PETER GEREN, in his official** | ) | |
| **capacity as Secretary of the Air Force;** | ) | |
| | ) | |
| **AND** | ) | |
| | ) | |
| **CHURCH OF GOD MINISTRIES** | ) | |
| **Defendants** | ) | |

**MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR**
**SUMMARY JUDGMENT**

Defendant, United States Air Force ("USAF")  respectfully moves to dismiss the above-captioned action pursuant to Federal Rules of Civil Procedure 12(b)(6) on the grounds that the Plaintiff has failed to state a claim upon which relief can be granted, pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction due to the his failure to exhaust his administrative remedies.   The USAF further submits that if the court finds the Plaintiff has stated a proper cause of action, it is entitled to summary judgment under Rule 56.

In support of this motion, the Court is respectfully referred to the accompanying Memorandum of Points and Authorities, Statement of Material facts As To Which There is No Genuine Dispute and exhibits.

A proposed Order consistent with this motion is attached hereto.

Respectfully submitted,

_____
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney


_____
R. CRAIG LAWRENCE, D.C. BAR # 171538
Assistant United States Attorney


_____
BENTON G. PETERSON, WI. Bar #1029849
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W. – Civil Division
Washington, D.C.  20530
(202) 514-7238

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **ANDREW D. JOHNSON** | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| v. | ) | **Case No. 1:05 CV 02079 RMU** |
| | ) | |
| **PETER GEREN, in his official** | ) | |
| **capacity as Secretary of the Air Force;** | ) | |
| | ) | |
| **AND** | ) | |
| | ) | |
| **CHURCH OF GOD MINISTRIES** | ) | |
| **Defendants** | ) | |

---

**FEDERAL DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**
**OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

**I. INTRODUCTION**

On October 24, 2005, Plaintiff filed this action alleging that the United States Air Force (USAF) had released information or failed to correct information about him in violation of Title 5 USC 552a (2), The Privacy Act of 1974 (Privacy Act). Specifically, Plaintiff alleges that Federal Defendant released information contained within his military record that was incorrect or inaccurate. Federal Defendant submits that there is no liability under the Privacy Act for release of the information of which Plaintiff complains. Furthermore, Plaintiff failed to exhaust administrative remedies with regard to correcting any allegedly inaccurate information in his military record and his claims amount to a collateral attack on the Air Force's investigative findings.

**II. FACTS**

The Church of God Ministries (Church of God), located in Anderson, Indiana, is an ecclesiastical group recognized by the USAF to endorse religious ministry professionals (RMP) for appointment as chaplains for service in the USAF. A group recognized by the USAF to

3

endorse RMPs is called an "endorsing agent." In essence, an endorsing agent vouches for the ability of a RMP, including chaplains, to perform religious ministries to armed forces members. An endorsing agent has a statutory obligation to inform the USAF when a RMP they have endorsed is no longer able to provide religious services under the auspices of that endorsing agent's guidelines. See Attachment 1, (DoDI 1304. 28 §65, June 11, 2004). Similarly, although not under statutory obligation or requirement, the USAF has reserved the ability to inform the endorsing agent of administrative action or other action regarding chaplaincy withdrawal for any RMP that the agent has endorsed. See Attachment 2, (AFI 52-102, §8, 7 Jan 2004).

At the time of his pleading, Plaintiff was a United States Air Force Chaplain endorsed by the Church of God to perform religious ministry. He was investigated by the USAF in March 2005 for criminal activities under the Uniform Code of Military Justice, including adultery and fraternization with a subordinate. At the conclusion of the investigation, the criminal activity by the Plaintiff was substantiated. The report of investigation (ROI) of the criminal activity was filed in the Plaintiff's military file. See Compaint, p. 10, ¶ 21. A part of the ROI is an executive summary. The executive summary is a one page document which lists the nature and course of the investigation. One of its administrative uses in a Chaplain Personnel Folder or File (CPF) is to determine the suitability of a chaplain for other assignments or duties. Plaintiff was also issued a letter of reprimand (LOR), an administrative action, for his misconduct which was also filed in Plaintiff's CPF, referred throughout in the complaint as the "Plaintiff's File."Id.

The proper term for this file is a Chaplain Personnel Folder or File (CPF). The CPF is a grouping of information for each active duty United States Air Force Chaplain. It contains various information, to include adverse action materials and punitive administrative matters,

such as a LOR.  The CPF is a part of Plaintiff's professional and military record.  <u>See</u>

Compaint, p. 10, ¶ 21, Exhibit 1.

Plaintiff specifically declined to respond to the LOR. <u>See</u> Exhibit 2.  Plaintiff alleges that

the misconduct that he was reprimanded for in his LOR violates the Privacy Act, 5 USC 552a

(e)(5) because the LOR resulted in inaccurate and incomplete records.

### III. STANDARD OF REVIEW

*1. Motion to Dismiss*

In considering a motion to dismiss for either lack of jurisdiction over the subject matter

or for failure to state a claim upon which relief can be granted, the allegations of the Complaint

should be considered favorably to the pleader.  <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974).

In evaluating a Fed. R. Civ. P. 12(b)(1) motion to dismiss for lack of subject matter jurisdiction,

if the factual basis for jurisdiction is challenged, the allegations in the Complaint are not

controlling and only uncontroverted factual allegations are accepted as true for purposes of the

motion.  <u>Gibbs v. Buck</u>, 307 U.S. 66, 72 (1939).

Plaintiff clearly bears the burden of establishing subject matter jurisdiction.  <u>See</u> <u>Miller v.</u>

<u>United States</u>, 710 F.2d 656, 662 (10th Cir.), <u>cert.</u> <u>denied</u>, 104 S.Ct. 352 (1983); <u>Baird v. United</u>

<u>States</u>, 653 F.2d 437, 440 (10th Cir. 1981), <u>cert.</u> <u>denied</u>, 454 U.S. 1144 (1982).  A court may

resolve a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) in two

ways.  First, the court may determine the motion based solely on the complaint. <u>Herbert v.</u>

<u>National Academy of Science</u>, 974 F.2d 192, 197 (D.C. Cir. 1992).  Alternatively, to determine

the existence of jurisdiction, a court may look beyond the allegations of the complaint, consider

affidavits and other extrinsic information, and ultimately weigh the conflicting evidence.  <u>Id</u>.

In addition, a motion to dismiss brought pursuant to Rule 12(b)(6) should be granted if it is beyond doubt that a plaintiff can demonstrate no set of facts that supports his claim entitling him to relief. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1117 (D.C. Cir. 2000). Although the plaintiff is given the benefit of all inferences that reasonably can be derived from the facts alleged in the complaint, the court need not accept inferences that are not supported by such facts, nor must the court accept plaintiff's legal conclusions cast in the form of factual allegations. Kowal v. MCI Communications Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994).

*2. Summary Judgment*

Under Rule 56, summary judgment is required when the pleadings and evidence demonstrate that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Diamond v. Atwood, 43 F.3d 1538, 1540 (D.C. Cir. 1995). A genuine issue of material fact is one that would change the outcome of the litigation. See Anderson v. Liberty Lobby, Inc, 477 U.S. 242, 243 (1986). While all evidence and the inferences drawn therefrom must be considered in the light most favorable to the nonmoving party, see Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986), summary judgment should be granted if the moving party submits "affirmative evidence that negates an essential element of the nonmoving party's claim" or demonstrates "that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim." Celotex, 477 U.S at 331.[1] The

---

[1] "In the language of the Rule, the nonmoving party must come forward with 'specific facts showing that there is a genuine issue for trial.'" Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ.Proc. 56(e)). Therefore, even if plaintiff's claim were not dismissed under Rule 12(b)(6) for failure to state a claim, plaintiff failed to meet the Rule 56 standard of review by not providing any factual evidence sufficient to prove the elements of his claim.

nonmoving party has the burden of establishing more than the "mere existence of a scintilla of evidence" demonstrating a genuine issue in dispute for purposes of defeating the moving party's motion.  See Lester v. Natsios, 290 F.Supp.2d 11, 19-20 (D.D.C. 2003), citing Anderson v. Liberty Lobby, Inc., 477 U.S. at 255.  Furthermore, as the Supreme Court has stated, "[o]ne of the principle purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses."  Celotex, 477 U.S at 323-324.

## IV. ARGUMENT

### A. Plaintiff Can Not Successfully Prove a Privacy Act Violation

The Privacy Act of 1974 guarantees individuals certain rights with regard to information that federal agencies possess about them.  Federal agencies are required by § 552a(e)(5) of the Privacy Act to:

> maintain all records which are used by an agency in making any determination about an individual with such accuracy, relevance, timeliness, and completeness as is reasonable necessary to assure fairness to the individual in the determination.

5 U.S.C. § 552a(e)(5); Sellers v. Bureau of Prisons, 959 F.2d 307 (D.C. Cir. 1992); Fendler v. United States Bureau of Prisons, 846 F.2d 550 (9th Cir. 1988).  However, simply maintaining inaccurate information is not an automatic violation of the accuracy provision of the Privacy Act. Kellett v. United States, 856 F.Supp. 65, 70 (D.N.H. 1994), aff'd .66 F.3d 306 (1st Cir. 1995)(citing White v. Office of Personnel Management, 787 F.2d 660 (D.C. Cir), cert. denied, 479 U.S. 885 (1986)).  In order to establish a violation of § 552a(e)(5), a plaintiff must show that: the agency failed to maintain accurate records; an adverse agency decision resulted from the failure to maintain accurate records; and, in order to obtain monetary damages under this section, plaintiff must show that the agency's actions were willful and intentional. Id.; 5 U.S.C. § 552a(g)(4).

7

Specifically, under 5 U.S.C. § 552a (b), agencies are prohibited from disclosing any record which is contained in a system of records by any means of communication to any person, or to another agency unless they have the written consent of the individual to whom the record pertains or the disclosure fits one of twelve listed exceptions.  Notably, exception 3 of the Privacy Act, 5 U.S.C. § 552a(b)(3) allows release of information for a routine use as published in the Federal Register. See, 5 U.S.C. § 552a (e)(4)(D).

In this action, the United States Air Force, through exception 3, established a routine use procedure for information contained in a Chaplain Personnel file at 32 CFR §806(b)(31) which has been properly noticed in the Federal Register.  Specifically, a routine use for "[such] records [is that they] may be disclosed to endorsing agents concerning the qualifications of their chaplains for continued duty as representatives of their denominations without a violation of the Privacy Act." See Attachment 1 (*Air Force Systems Notice*, *AF052 AFHC C*), promulgated through authority of 32 CFR §806(b)(31).

Plaintiff alleges that Federal Defendant "improperly and illegally" released information about the Plaintiff contained in the ROI and the LOR, both of which were contained in the Plaintiff's CPF.   Plaintiff, however, fails to state a claim upon which relief can be granted, even when the allegations of the Complaint are considered in the light most favorable to the him.  There is no liability under the Privacy Act for release of information from the Plaintiff's CPF because information contained within that file may be specifically disclosed to his endorsing agency, outside the Department of Defense, as a routine use. Attachment 1, Exhibit 3.  Assuming *arguendo*, that the Plaintiff's account of the release of information is true, the release to his endorser is specifically provided for by statute and regulation.

8

**B.**    **This Court Lacks Subject Matter Jurisdiction, Because Plaintiff Has Failed To Exhaust His Administrative Remedies**

In Count I, the Plaintiff alleges that the information contained within his military record, to include the LOR, are incorrect or inaccurate. However, when extended his right to respond, Plaintiff specifically declined to respond to the LOR, See Exhibit 2, p. 3. Thus, failing to exhaust his administrative remedies.

Plaintiff alleges that the misconduct that he was reprimanded for in his LOR violates the Privacy Act, 5 U.S.C. 552a (e)(5) because the LOR resulted in inaccurate and incomplete records.  Plaintiff's claims are really a collateral attack on the propriety of a military disciplinary decision. Plaintiff's claim that these records are "incomplete and inaccurate" relies on allegations that the federal defendant violated its own regulations and instructions in processing these disciplinary actions. Plaintiff was issued administrative discipline, a LOR, which is a personnel action.  A military personnel decision is reviewable by a comprehensive scheme which can order the relief requested by Plaintiff.

In 1946, Congress enacted legislation empowering the service secretaries, acting through boards of civilian officers of their respective departments, to alter **military** records when necessary to prevent injustice. Legislative Reorganization Act of 1946, § 207, 60 Stat. 837, as amended by 70A Stat. 116, 10 U. S. C. § 1552 (1952 ed., Supp. IV). Pursuant to this legislation, each service established a board for the **correction of military records** whose function is, on application by a serviceman, to review the **military** record and intervene where necessary to

9

correct error or remove injustice. 10 U. S. C. § 1552 (a).  The Board considers individual applications properly brought before it and may direct the correction of military records to remove an error or injustice. 32 C.F.R. § 865.2(a). The Board normally decides cases in three-member panels on the evidence in the record. See 32 C.F.R. § 865.2(c) & § 865.4(c). Although it is not an investigative body, the Board may in its discretion hold a hearing or call for additional evidence or opinions in any case. Id. The applicant may be represented by counsel, submit briefs in support of an application, and present witnesses. See 32 C.F.R. § 865.4(h). Finally, the Board has broad authority to determine the appropriate form of relief. See 32 C.F.R. § 865.4(I)(4) ("The Board's decision will be in writing and will include determinations on ... what corrections are needed to provide full and effective relief."); see also Roth v. U.S.,378 F.3d 1371,1381(Fed. Cir. 2004) ("The Secretary and his boards have an abiding moral sanction to determine, insofar as possible, the true nature of an alleged injustice and to take steps to grant thorough and fitting relief."); Neal v. Secretary of the Navy, 639 F.2d 1029, 1042 (3d Cir. 1981) ("In essence, the military correction boards were established to provide an institutional check on arbitrary action.").

The remedy sought by plaintiff for this alleged breach of the Privacy Act is removal of the LOR.  This remedy is one which could be awarded by the Air Force Board of Correction of Military Records (AFBCMR).  Therefore, this court should find that the Privacy Act claim is a collateral attack on a personnel decision which is better addressed to the AFBCMR.  "It is well settled that full and timely exhaustion of administrative remedies is a prerequisite to judicial review. … Where plaintiff has failed to exhaust its administrative remedies prior to filing with the court, the case is subject to dismissal for lack of subject matter jurisdiction." Hamilton

Securities Group Inc. v. Department Of Housing And Urban Development, Office Of Inspector
General, 106 F. Supp. 2d 23, 27 (D.D.C., 2000)(citations omitted).

### C.    The Privacy Act Does Not Allow For Collateral Attack On Agency Determination

Plaintiff's claims are thinly-veiled attempts to attack the internal agency decisions with
regard to the criminal investigation at issue.  This is not a cognizable claim under the Act.  See
White v. United States Probation Office, 148 F.3d 1124, 1125-26 (D.C. Cir. 1998) (" Because a
judgment in favor of [plaintiff] on his challenge to the legal conclusions of his presentence report
would necessarily imply the invalidity of his sentence, which has not been invalidated in a prior
proceeding, his complaint for damages under the Privacy Act must be dismissed."); Pellerin v.
Veterans Admin., 790 F.2d 1553, 1555 (11th Cir. 1986) (Privacy Act "may not be employed as a
skeleton key for reopening consideration of unfavorable agency decisions."); Doyon v. United
States Department of Justice, 304 F.Supp.2d 32, 35 (D.D.C. 2004); Walker v. United States,
1998 WL 637360, *14, Civ. A. 93-2728 (E.D. La. Sept. 16, 1998) ("Courts have routinely
disapproved of the use of the Privacy Act as a vehicle for collateral attacks on judicial or
quasi-judicial determinations recorded in agency records").  What Plaintiff is essentially trying
to do here is erase the judgments made by the officials who conducted the criminal investigation
at issue.  Such judgments are beyond the reach of the Privacy Act.  See Kleiman v. Department
of Energy, 956 F.2d 335, 337- 38 (D.C. Cir. 1992) (Privacy Act "is not . . . a vehicle for
amending the judgments of federal officials . . . as those judgments are reflected in records
maintained by federal agencies.") (emphasis in original, internal quotation marks omitted).  An

attempt to expunge those judgments is a collateral attack on the underlying decision.  See Reinbold v. Evers, 187 F.3d 348, 361 (4th Cir. 1999)  ("By using the Privacy Act in an attempt to expunge the opinions of [ agency officials] from his records, Reinbold essentially attempts to relitigate the NSA's decisions through the Privacy Act.").  The mere styling of Plaintiff's claim as a Privacy Act claim cannot alter the reality that it is a substantive attack on the underlying decisions.  See Castella v. Long, 701 F.Supp. 578, 585 (N.D.Tx. 1988) (" Although Plaintiff strains to fit his case within the boundaries of the Privacy Act, his complaint really alleges only a wrongful personnel decision.")  The substance of underlying agency decisions is simply not reviewable in an amendment lawsuit.

## IV.  CONCLUSION

Because plaintiff has not made a request for correction or responded to the LOR in a timely manner, he plainly has not exhausted his administrative remedies and the court therefore lacks subject matter jurisdiction.  Because the plaintiff has failed to exhaust her administrative remedies, the court should dismiss her complaint for lack of jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).  If the court finds that it has subject matter jurisdiction over plaintiff's complaint, the Air Force is nonetheless entitled to summary judgment.  The release of information to the endorsing agent was proper because disclosure of the information was a routine use of the information under the Privacy Act.

WHEREFORE, Federal Defendant, respectfully requests that the Court dismiss for failure to state a claim, or in the alternative, grant summary judgment with prejudice.

Respectfully submitted,

_____
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney


_____
R. CRAIG LAWRENCE, D.C. BAR # 171538
Assistant United States Attorney



_____
BENTON G. PETERSON, WI. Bar #1029849
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W. – Civil Division
Washington, D.C.  20530
(202) 514-7238


OF COUNSEL:
ALEXIS N. STACKHOUSE, Captain, USAF
Air Force Legal Services Agency
General Litigation Division
1501 Wilson Boulevard, 7th Floor
Arlington, VA 22209