IN THE UNITED STATES DISTRICT COURT
FOR
THE DISTRUCT OF COLUMBIA

| | |
|---|---|
| ANDREW JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: 1:05CV2079 |
| ) | |
| PETER GEREN, in his capacity as ) | |
| SECRETARY OF THE AIR FORCE, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**Memorandum of Points and Authorities in Support of Motion of Plaintiff for Leave to File Response to Defendant's Motion to Dismiss or in the Alternative for Summary Judgment and Enlargement of Time to File Response Out of Time**

Comes now Plaintiff Andrew Johnson ("Plaintiff") by and through undersigned counsel Glassman & Bullock and Stephen C. Glassman and respectfully submits this Memorandum of Points and Authorities in Support of Motion for Leave to File Response to Motion to Dismiss or in the Alternative for Summary Judgment Out of Time and for Enlargement of Time to File Response to Defendant's Motion. In support thereof, Plaintiff states:

1. Plaintiff filed suit against the Defendant on October 24, 2005.

2. The Summons and Complaint were served on the Defendant Peter Geren, Secretary of the Air force ("Defendant") on November 14, 2005.

3. On January 10, 2006, the Defendant filed a Motion for Enlargement of Time to File Response or Reply to Plaintiff's Complaint. The Court granted the Motion on January 13, 2006.

4.      On March 13, 2006, Defendant filed a second Motion for Enlargement of Time to File Dispositive Motion. On March 14, 2006, this Court granted Defendant's Motion.

5.      On March 16, 2006, Defendant filed a Motion to Dismiss or in the Alternative for Summary Judgment. Accordingly, Plaintiff's Response to Defendant's Motion for Summary Judgment was due on March 27, 2006. L.Civ. R. 7.

6.      Undersigned counsel, however, did not receive notice of the Defendant's filing and was unaware of it until May 8, 2006 when the docket in this matter was reviewed on-line by his associate. Undersigned counsel is the only recipient of electronic notices from this Court's electronic filing system in his office in this case. In March, 2006, however, counsel for the Plaintiff encountered a number of difficulties with the Electronic Court Filing ("ECF") system employed by this Court. The problems rendered him unable to access the PACER or ECF systems. Neither the undersigned nor his associate has record of receiving notice of the Defendant's filing electronically. Likewise, undersigned counsel never received a hard copy of the filing. Thus, the undersigned was not alerted to the Defendant's filing. This error was inadvertent and has been corrected.

7.      The determination of whether to grant a Motion for Leave to permit a filing out of time rests in the Court's discretion. See, *Means v. Segal*, 1998 U.S. App. LEXIS 28473 (1998). Motions for leave to file pleadings out of time can be granted where a party demonstrates excusable neglect. Fed. R. Civ. P. 6(b)(2). See also, *Losacco v. City of Middletown*, 71 F.3d 88 (1995).

8.      Good cause exists to grant the relief requested herein. No substantive matter has been raised as yet and Plaintiff raises herein purely a procedural matter which developed due to inadvertence and is tantamount it excusable neglect. The Defendant has suffered

no prejudice as a result of the delay which is *de minimus* and will not experience any prejudice by granting the relief requested herein. The enlargement requested will not significantly affect this Court's ability to manage and oversee this case.

9. Plaintiff, on the other hand, will suffer prejudice if this Motion is denied. This case involves an enlisted person's efforts to maintain his rank and position in the military through use of the Freedom of Information Act. Defendant seeks to have this Court resolve all issues by motion. Denying Plaintiff's motion will have the affect of granting Plaintiff's motion even though it may not be either legally or factually appropriate to do so. Plaintiff simply requests the opportunity to prepare a response to the Defendant's dispositive motion so that the Court can determine the case on the merits.

10. This is Plaintiff's first request for an enlargement of time. The enlargement of time is necessary to ensure that all issues raised in the Defendant's Motion are adequately reviewed and addressed for this Court.

WHEREFORE, Plaintiff respectfully requests that this Court grant this Motion in its entirety and enter an order which:

1. Grants it leave to file a Response to Defendant's Motion to Dismiss or in the Alternative for Summary Judgment out of time;

2. Enlarges the time for Plaintiff to file a Response to Defendant's Motion to Dismiss or in the Alternative for Summary Judgment from March 27, 2006 until a date 30 days from the date that this Court enters the proposed Order accompanying this Motion; and

3. Grants any other further relief as this Court deems just and proper.

Respectfully submitted,

_____

GLASSMAN & BULLOCK
Stephen C. Glassman
D.C. Bar Number:    024042
Jesse D. Stein
D.C. Bar:    465504
1950 Old Gallows Rd., Suite 700
Vienna, VA 22182
Telephone:    (301) 670-9200
Facsimile:    (703) 902-9501

Counsel for Plaintiff