**IN THE UNITED STATES DISTRICT COURT
FOR
THE DISTRUCT OF COLUMBIA**

| | | |
|---|---|---|
| ANDREW JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: 1:05CV2079 |
| | ) | |
| PETER GEREN, in his capacity as | ) | |
| SECRETARY OF THE AIR FORCE, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION
OF PLAINTIFF FOR VOLUNTARY DISMISSAL**

Comes now Plaintiff Andrew Johnson ("Plaintiff") by and through undersigned counsel Glassman & Bullock and Stephen C. Glassman and pursuant to Fed. R. Civ. P. 41 respectfully submits this Memorandum of Points and Authorities in Support of Motion for Voluntary Dismissal. In support thereof, Plaintiff states:

**I.**

**Facts**

1. Plaintiff filed suit against the Defendant Secretary of the Air Force and the Church of God Ministries on October 19, 2006.

2. On March 15, 2006, Plaintiff voluntarily dismissed the Complaint against the Church of God Ministries.

3. On March 16, 2006, Defendant Green filed a Motion to Dismiss or in the Alternative for Summary Judgment.

4. On May 31, 2006, Plaintiff was discharged from the Air Force.

5.      Plaintiff has received enlargements of time to respond to the Motion to Dismiss or in the Alternative for Summary Judgment from this Court which enlarged the time to respond to the Defendant's Motion until June 30, 3006.

## II.

## Argument

## Voluntary Dismissal Without Prejudice is the Most Efficient Manner for Resolving this Case.

6.      Plaintiff wishes to voluntarily dismiss his action against the Defendant Secretary of the Navy.  In light of his discharge from the Air Force on May 31, 2006, the Plaintiff has administrative rights as a result of his discharge which he may elect to pursue.  The discharge has occurred since the filing of this action.

7.      Voluntary dismissal is governed by Fed. R. Civ. P. 41, which states:

> (a) Voluntary Dismissal: Effect Thereof.
> (1) *By Plaintiff; By Stipulation.* Subject to the provisions of Rule 23(e), of Rule 66, and of any statute of the United States, an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action based on or including the same claim.
> (2) *By Order of Court.* Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. If a counterclaim has been pleaded by a defendant prior to the service upon the defendant of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court. Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.

8.	In light of the fact that the Defendant Secretary of the Air Force filed a Motion to Dismiss or in the Alternative for Summary Judgment, this matter is governed by Fed. R. Civ. P. 41(a)(2). The fact that the Defendant has filed a Motion for Summary Judgment should not lead this Court to deny this Motion.

> Dismissals under Rule 41(a)(2) "generally [are] granted in the federal courts unless the defendant would suffer prejudice other than the prospect of a second lawsuit or some tactical disadvantage." *Conafay v. Wyeth Labs.*, 253 U.S. App. D.C. 279, 793 F.2d 350, 353 (D.C. Cir. 1986); *see also* 9 FED. PRAC. & PROC. CIV.2d § 2364. A court applying Rule 41(**a**)(**2**) therefore must consider whether the plaintiff seeks the motion for voluntary dismissal in good faith, and whether the dismissal would cause the defendant "legal prejudice" based on factors such as the defendant's trial preparation efforts, any excessive delay or lack of diligence by the plaintiff in prosecuting the action, an insufficient explanation by the plaintiff for taking nonsuit, and the filing of motions for summary judgment by the defendant. Hisler, supra and *In re Vitamins Antitrust Litigation*, 198 F.R.D. 296, 304 (D.D.C. 2000). See, *Hisler v. Gallaudet Univ.*, 344 F. Supp. 2d 29, 36 (DC, 2004).

9.	This court should grant this Motion in its entirety. The Defendant will not be prejudiced nor will it be placed in some tactical disadvantage should the Plaintiff file a second suit. All defenses available to the Defendant at present will be available to it in a second suit. As well, the first suit was filed in good faith and no evidence of bad faith exists in the record. The fact that the Plaintiff wishes to nonsuit this action at present, after the Defendant has filed the Motion for Summary Judgment is due to the fact that the Air Force discharged the Plaintiff on May 31, 2006. All rights relating to said discharge are available and pursuing the instant action while pursuing the administrative appeal is not only going to lead to a duplication of efforts, but an unnecessary increase of costs, all of which could be avoided by granting of this motion.

10.     As a consequence, Plaintiff respectfully requests that this Court grant this request in its entirety and dismiss this case without prejudice and grant any other and further relief as this Court deems just and proper.

        Respectfully submitted,

        s/ Stephen C. Glassman
        GLASSMAN & BULLOCK
        Stephen C. Glassman
        D.C. Bar Number:     024042
        Jesse D. Stein
        D.C. Bar:     465504
        1950 Old Gallows Rd., Suite 700
        Vienna, VA 22182
        Telephone:     (301) 670-9200
        Facsimile:     (703) 902-9501

        Counsel for Plaintiff