## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **ANDREW D. JOHNSON** | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| **v.** | ) | **Case No. 05: 02079 RMU** |
| | ) | |
| **PETER GREEN, in his official** | ) | |
| **capacity as Secretary of the Air Force;** | ) | |
| | ) | |
| **AND** | ) | |
| | ) | |
| **CHURCH OF GOD MINISTRIES** | ) | |
| **Defendants** | ) | |

### DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS
### WITHOUT PREJUDICE

Defendant, by and through its undersigned counsel, respectfully files this opposition to plaintiff's motion to voluntarily dismiss his complaint, and states further as follows:

### INTRODUCTION

Plaintiff, Andrew Johnson, filed the present Privacy Act suit on October 24, 2005. On March 16, 2006, defendant responded to plaintiff's complaint by filing a comprehensive dispositive motion demonstrating that plaintiff's claims were not legally cognizable. See Defendant's Motion to Dismiss or in the Alternative for Summary Judgment [docket # 6]. After defendant incurred the time and expensive of gathering and compiling a considerable administrative record from various departments within the agency and drafting the dispositive motion, plaintiff responded by filing a motion to voluntarily dismiss his complaint without prejudice. See Plaintiff's Motion to Dismiss. In his motion, plaintiff suggests that the reason he seeks a dismissal is partially because of the filing of defendant's dispositive motion and partially

because of other "administrative appeal/discharge rights." Id. Because, this Court lacks

jurisdiction to hear plaintiff's complaint, plaintiff's complaint fails to state a claim, plaintiff

waited until defendant incurred the expense of drafting a dispositive motion before seeking to

dismiss his complaint, and plaintiff fails to demonstrate good cause or excusable neglect, this

Court should dismiss plaintiff's claims with prejudice.

## **ARGUMENT**

Federal Rule of Civil Procedure 41(a) provides that a plaintiff cannot voluntarily dismiss

his or her complaint after the defendant has filed a motion for summary judgment. See F.R.C.P.

41(a)(1)-(a)(2). Rather, barring defendant's consent, plaintiff must seek an order of dismissal

from this Court. Id. It is within this Court's discretion to dismiss plaintiff's complaint either

with or without prejudice to the renewal of plaintiff's claims at some later point either in this

Court or another. Id. By regulating the timing and conditions of such dismissals, the rule

protects defendants from harassment and abuse.

The decision to grant or deny a voluntary dismissal under Rule 41(a)(2) is addressed to

the sound discretion of the district court. See Taragan v. Eli Lilly & Co., Inc., 838 F.2d 1337,

1339 (D.C. Cir. 1988) (abuse of discretion standard). "[W]hen exercising its discretion in

considering a dismissal without prejudice, the court should keep in mind the interests of the

defendant, for Rule 41(a)(2) exists chiefly for protection of defendants." Fisher v. Puerto Rico

Marine Management, Inc., 940 F.2d 1502 (11th Cir. 1991); McCants v. Ford Motor Co., Inc., 781

F.2d 855, 856 (11th Cir. 1986) ("[A] district court considering a motion for dismissal without

prejudice should bear in mind principally the interest of the defendant, for it is the defendant's

position that the court should protect."). In making its determination, this Court can consider the

fact that defendant has filed a dispositive motion, the expense in preparing that motion, the

2

duplicative expense of re-litigating plaintiff's claims in a subsequent suit, the fact that plaintiff

sought the dismissal in response to the summary judgment motion, and any vexatious conduct or

bad faith on plaintiff's part.  8 Moore's Federal Practice (3rd ed.) at § 41.40[6].  Further, in

making a determination whether the action should be dismissed with prejudice, the Court may

consider whether the action or claim sought to be voluntarily dismissed is meritorious.  Id. at

§ 42.40[10][d]; Burnette v. Godshall, 828 F. Supp. 1439, 1443 (N.D. Cal. 1993), aff'd sub nom.,

Burnette v. Lockheed Missiles & Space Co., 72 F.3d 766, 767 (9th Cir. 1995) (dismissing claim

with prejudice where brought without diligent research even though action was in early stage of

litigation).

    In this case, plaintiff's motion seeking dismissal without prejudice should be denied and

plaintiff's claims should be dismissed with prejudice.  Plaintiff waited to move to dismiss his

complaint without prejudice until after defendant had invested the time and resources in drafting

a dispositive motion in this case.[1] Defendant spent significant time and utilized various resources

in drafting his dispositive motion, both of which weigh in favor of dismissal with prejudice.

Indeed, plaintiff never should have filed this Privacy Act complaint in the first place because the

appropriate forum for his complaint was the Board of Corrections of Military Records (BCMR).

    First, this Court lacks jurisdiction because plaintiff has clearly failed to exhaust his

administrative remedies.  The remedy sought by plaintiff for this alleged breach of the Privacy

Act is removal of a letter of reprimand from his military file.  This remedy is one which is

determined by the Air Force BCMR.  Therefore, this Court should find that the Privacy Act

_____

[1]Plaintiff's instant motion comes after an almost three month long delay, due to plaintiff's
'technical errors,' [see Docket # 7 ]in responding to defendant's dispositive motion, filed March
16, 2006.  Plaintiff has made no effort to explain the delay in filing the instant motion.

claim is an impermissible collateral attack on a personnel decision which is better addressed to the BCMR. Hamilton Securities Group Inc. v. Department Of Housing And Urban Development, Office Of Inspector General, 106 F. Supp. 2d 23, 27 (D.D.C., 2000)(citations omitted).

Second, as demonstrated in defendant's dispositive motion, exception 3 of the Privacy Act, 5 U.S.C. § 552a(b)(3) and  32 CFR §806(b)(31) allows release of the information of which the plaintiff complains. See, 5 U.S.C. § 552a (e)(4)(D).   Accordingly, plaintiff's complaint fails to state a claim for which relief can be granted.

Third, it should be noted that the BCMR procedure to which plaintiff refers to as "administrative appeal/discharge rights" process is separate and distinct from the civil litigation process.  In fact, in order to pursue the discharge "rights" he refers to, he must exhaust his administrative remedies through the Air Force BCMR.  Title 10, United States Code, Section 1553, is the federal law governing upgrading military discharges.  This statute authorizes the defendant "to establish a board of review, consisting of five members, to review the discharge or dismissal (other than a discharge or dismissal by sentence of a general court-martial) of any former member of an armed force under the jurisdiction of his department upon its own motion or upon the request of the former member or, if he is dead, his surviving spouse, next of kin, or legal representative."  §1553 is implemented by the Air Force through Air Force Instruction (AFI) 36-2603.  AFI 36-2603 §3.3 specifically states that applicant's should "exhaust all other available administrative remedies" before turning to the BCMR for relief.  In the instant case, plaintiff has not provided any evidence that he has completed administrative exhaustion at a level lower than the BCMR.[2]  In essence, plaintiff is asking this court to dismiss his claim, without

---

[2] The Supreme Court, in Darby v. Cisneros, 509 U.S. 137 (1993), indicated that in cases arising under the APA, an Article III court may, without clear statutory or regulatory authority requiring exhaustion, hear issues not first

prejudice, so that he may have additional time to formulate new claims concerning his

administrative discharge claims, which are not before this Court.  In this case, the plaintiff has

failed to even begin the required administrative exhaustive process to make any changes to his

administrative discharge from the Air Force.

Plaintiff has, however; begun a separate and distinct civil process regarding claims

against the Air Force brought under the Privacy Act.  The two civil processes being discussed,

the BCMR review and the instant Privacy Act litigation, are specifically designed to be separate

and distinct by two different statutes with two separate purposes.  While there may be de

minimus duplication as to some matters, the outcome of either the processes are decided

independently of the other.  Accordingly, the procedures for the two separate processes will not

overlap and the cost increase to which plaintiff refers will not be avoided.  Therefore, plaintiff's

attempt to dismiss without prejudice will not result in any gain of 'efficiency' to either party or

the judicial process.  Instead, what appears to be the real issue, is plaintiff's desire for 'two bites

at the apple.'  Specifically, plaintiff, after having been in possession of defendant's arguments

for dismissal for over two months, now seeks to put his Privacy Act claims in abeyance, for an

additional indeterminate period of time (although plaintiff only has two years within to bring

such a claim, pursuant to 5 U.S.C. § 552a(g)(5)) while he "possibly" pursues yet another separate

claim, in hopes of  bolstering his instant claims.  However, because the merits of BCMR claims

are not connected to the merits of the instant claim, the most efficient manner for which the

---

presented to the agency.  However, the Supreme Court clearly and explicitly held that "[T]he exhaustion doctrine
continues to apply as a matter of judicial discretion in cases not governed by the APA ."  Darby, 509 U.S. at 153-54,
see also; Committee of Blind Vendors v. District of Columbia, 28 F.3d 130 (D.C. Cir. 1994); Communications
Workers of America v. American Telephone and Telegraph Company, 40 F.3d 426 (D.C. Cir. 1994). In the instant
matter, the Air Force has a specific regulation requiring exhaustion. AFI 36-2603 §3.3.

Court to proceed is to decide the matter of disposal of the instant matter based on defendant's motion or plaintiff's failure to respond to defendant's dispositive motion.[3]

        Accordingly, plaintiff's complaint should be dismissed with prejudice because the court lacks jurisdiction to hear the complaint and the complaint fails to state a claim for which relief can be granted.  Plaintiff, because of the apparent lack of diligence in prosecuting this matter,  should not be permitted another opportunity in the future to litigate, free of charge, his meritless and futile claims.

## CONCLUSION

      For the forgoing reasons, plaintiff's Motion to Dismiss Without Prejudice should denied, and plaintiff's complaint should be dismissed with prejudice.

        Respectfully submitted,

        _____

        KENNETH L. WAINSTEIN, D.C. BAR # 451058
        United States Attorney

        _____

        RUDOLPH  CONTRERAS, D.C. Bar #  434122
        Assistant United States Attorney

        _____

        BENTON G. PETERSON, WI. Bar #1029849
        Assistant United States Attorney
        Judiciary Center Building
        555 4th Street, N.W. – Civil Division
        Washington, D.C.  20530
        (202) 514-7238 514-8780 (Facsimile)
        **Benton.Peterson@usdoj.gov**

---

[3] With regard to plaintiff's motion for extension of time to file an opposition to defendant's motion to dismiss, plaintiff has not only failed to confer with defendant pursuant to local rule 7.1(m), but has failed to explain why the time provided by the Court was not sufficient to respond to defendant's motion to dismiss.

6

OF COUNSEL:
ALEXIS N. STACKHOUSE, Captain, USAF
Air Force Legal Services Agency
General Litigation Division
1501 Wilson Boulevard, 7th Floor
Arlington, VA 22209

Respectfully submitted,