**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

ANDREW D. JOHNSON,                 )
                                   )
            Plaintiff,             )
                                   )
            v.                     )        Case No.05-CV-02079 (RMU)
                                   )
PETER GREEN, in his official capacity )
as Secretary of the Air Force, et al. )
                                   )
            Defendants.            )
_____)

**REPLY OF PLAINTIFF TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S
MOTION TO DISMISS WITHOUT PREJUDICE**

        Plaintiff, Andrew Johnson ("Plaintiff), by and through undersigned counsel,

Glassman & Bullock and Stephen C. Glassman, respectfully submits this Reply to

Defendant's Opposition to Plaintiff's Motion to Dismiss ("Defendant's

Motion"). In support thereof, Plaintiff states:

1.      On July 10, 2006, Defendant Peter Green ("Defendant") in his capacity as

Secretary of the Air Force filed an opposition to the Plaintiff's Motion for Voluntary

Dismissal ("Plaintiff's Motion") pursuant to Fed. R. Civ. R. 41(a)(2).  In the Defendant's

Opposition, Defendant asserts that the Plaintiff's Motion should be denied because:

        a.   The Defendant expended time and money in defending the action; and

        b.   The action was not properly before the Court in the first instance as the

             Court lacks jurisdiction as alleged by the Defendant in the Defendant's

             Motion to Dismiss or in the Alternative for Judgment.

2.      The Defendant has failed to provide sufficient basis for this Court to deny the

relief sought in Plaintiff's Motion. In order for this Court to deny Plaintiff's Motion, the

Court must find that the Defendant will experience "clear legal prejudice."  See, *Conafay v. Wyeth Labs.*, 841 F.2d 417, 419 (U.S. App. D.C. 1988).  In *Wyeth*, the Court clearly stated:

> With respect to the first factor, it is beyond dispute that, to justify the denial of a motion for voluntary dismissal**,** a district court must find that dismissal will inflict clear legal prejudice on a defendant. *See, e.g., Andes v. Versant Corp.*, 788 F.2d 1033, 1036 (4th Cir. 1986) (voluntary dismissal "should not be denied absent substantial prejudice to the defendant"); *McCants v. Ford Motor Co.*, 781 F.2d 855, 856-57 (11th Cir. 1986) ("in most cases a dismissal should be granted unless the defendant will suffer clear legal prejudice"); *Hamilton v. Firestone Tire and Rubber Co.*, 679 F.2d 143, 145 (9th Cir. 1982) ("plain legal prejudice" required); *LeCompte v. Mr. Chip, Inc.*, 528 F.2d 601, 604 (5th Cir. 1976) (dismissal should generally be granted "unless the defendant will suffer some legal harm"); 5 J. Moore, W. Taggart & J. Wicker, Moore's Federal Practice para. 41.05 [1] (1986) ("Where substantial prejudice is lacking, the district court should exercise its discretion by granting a motion for voluntary dismissal without prejudice."); 9 C. Wright and A. Miller, Federal Practice and Procedure § 2364 (1971) (district court will deny motion "if defendant will be seriously prejudiced by a dismissal"). While the parameters of "legal prejudice" are not absolutely clear, it is nevertheless certain that the term in this context means "something other than the necessity that defendant might face of defending another action. That kind of disadvantage can be taken care of by a condition that plaintiff pay to defendant its costs and expenses incurred in the first action." *Kern v. TXO Production Corp.*, 738 F.2d 968, 970 (8th Cir. 1984). *See also Conafay*, 793 F.2d at 353; *McCants*, 781 F.2d at 857; *Hamilton*, 679 F.2d at 145-46; *Puerto Rico Maritime Shipping Authority v. Leith*, 668 F.2d 46, 50 (1st Cir. 1981); *LeCompte*, 528 F.2d at 604. *Wyeth* at 419.

3.    Defendant's Opposition rests primarily on the fact that it expended funds defending this action.  Although the Defendant has no doubt incurred expenses in defending this action, that fact alone is insufficient for this Court to deny a Motion for Voluntary Dismissal without Prejudice under Fed. R. Civ. P. 41(a)(2).  See, *Wyeth*, supra and *Hisler v. Gallaudet Univ.,* 344 F. Supp. 2d 29 (U.S. D.C. 2004).

4.    The Defendant fails to demonstrate that it has experienced clear legal prejudice as is required for this Court to deny the Plaintiff's Motion.  Indeed, the Defendant has not expressed in its opposition that it experienced or will experience any prejudice as any

2

claim or defense it has, any evidence produced or collected or any argument rendered could be used in a second suit involving these parties.

5.      Regarding Defendant's second basis for dismissal, to wit, the implication that the Plaintiff sought dismissal because of the Defendant's Motion for Summary Judgment, as a result of vexatious conduct or in bad faith, the Defendant has not offered any evidence to support any of the implications made in the Opposition.  See, Opposition at 3; see also, *Hisler*, supra (the first factor to consider by the Court is whether the Motion was filed in good faith.)  Defendant has presented no evidence to the Counter.

6.      Instead, Defendant uses the Opposition to Plaintiff's Motion to Dismiss to repeat arguments put forth in the Defendant's Motion to Dismiss or in the Alternative for Summary Judgment.  Presumably, every Defendant who files a Motion for Summary Judgment before a Plaintiff files a Motion for Voluntary Dismissal Per Rule 41(a)(2) expresses similar arguments and discontent as to why the Motion for Voluntary Dismissal should be denied, that the Motion for Summary Judgment should be granted and that the movant has acted improperly by moving for voluntary dismissal after the submission of a Motion for Summary Judgment by the Defendant. However, Rule 41(a)(2) specifically affords the Court the authority to dismiss the claim without prejudice notwithstanding a previously filed Motion for Summary Judgment.  The fact that the Defendant's summary judgment motion was pending when Plaintiff sought to voluntarily dismiss its claim does not require the Court to refuse to grant dismissal.  See, *Tyco Laboratories, Inc. v. Koppers Co.*, 627 F.2d 54, 56 (7th Cir., 1980) and *Andes v. Versant Corp.*, 788 F.2d 1033 (4th Cir., 1986)(Pending Motion to for Summary Judgment one factor to consider when deciding to affirm or deny Motion for Voluntary Dismissal).

3

7.    The arguments offered by the Defendant demonstrate that this Court should deny Plaintiff's Motion for Voluntary Dismissal under Fed. R. Civ. P. 41(a)(2).  The Defendant does not address all of the standards under Rule 41(a)(2) in the Motion to Dismiss or in the Alternative for Summary Judgment, but instead addresses jurisdiction, etc. The considerations required by this Court under Fed. R. Civ. P. 41 are clearly defined.  See, Rule 41 and *Wyeth*, supra.  Even the considerations identified by the Defendant (vexatious conduct of the Plaintiff, Defendant's Opposition at 3) do not apply herein.  In the Defendant's Motion to Dismiss or in the Alternative for Summary Judgment, Defendant makes no allegation of prejudice, bad faith, etc. which would justify this Court's reliance on those arguments in order to resolve this Motion.

8.    Defendant argues that dismissal with prejudice is proper because the Court lacks jurisdiction, the action complained of by the Plaintiff in the underlying Privacy Act case was proper and the actions the Plaintiff seeks to take (pursuit of administrative appeal as a result of involuntary separation) are distinct from Privacy Act case and therefore less efficient than granting the relief requested by Plaintiff.  See, Motion at 3-4.  Even the Defendant is correct and if granting the Motion to Dismiss would deny the Defendant an opportunity for a favorable disposition of the case, the Motion for Voluntary Dismissal should not be denied if the Defendant has not suffered legal prejudice.  See, *Conafay* at 420.  As demonstrated herein, and as has not been demonstrated in the Defendant's pleading, no legal prejudice exists in this case.

9.    As well, a fact which the Defendant fails to acknowledge is that the facts have changed since the inception of Plaintiff's suit.  Plaintiff was discharged from the Air Force since this case was filed.  All of the Plaintiff's appeal rights did not arise until the

dismissal was complete.  Discharge did not happen until May, 2006.  Plaintiff's legal options have changed and he is facing burdens which did not exist at the start of this case. In light of these facts, it cannot be argued that the Plaintiff is acting in bad faith.

10.    Defendant asserts that the most efficient method for resolving the issues before the Court is to grant the Defendant's Motion because the instant action and the appeal of the discharge before the Board of Corrections of Military Records ("BMCR") are separate actions.  Dismissal with prejudice at this stage could affect the Plaintiff's rights should the administrative process demonstrate additional basis for filing a Privacy Act claim against the Defendant.  The Plaintiff should not be foreclosed from bringing an action under the Privacy Act and an appeal of the administrative process in one action if the evidence further demonstrates its propriety.

11.    Indeed, while the Defendant accuses the Plaintiff of seeking to take "two bites of the apple", a similar allegation can be made against the Defendant who seeks to use this action to foreclose the Plaintiff from returning to this forum or preventing him from using the determination of this Court in the administrative process or vice versa.  Plaintiff should have all resources and legal options available to him in any appeal he takes before the BMCR and should be able to return to this Court with all rights in tact if he so elects. As such, whether or not the causes of action are separate is of no moment.  Defendant does not demonstrate bad faith on behalf of the Plaintiff or legal prejudice by the Defendant which justifies denial of the Plaintiff's Motion as requested.

12.    Defendant suggests that the relief sought by the Plaintiff is not efficient because of the separate nature of the two actions.  The Defendant is errant.  The most efficient action for this Court to take is to grant Plaintiff's Motion for Voluntary Dismissal.

Dismissal will eliminate the additional expenditure of resources by both parties without burdening Plaintiff with actions in two forum.  In this regard, Dismissal pursuant to Rule 41(b) has immediate effect on both parties.  There is no more efficient result than that which can be provided by granting Plaintiff's Motion for Voluntary Dismissal.

WHEREFORE, Plaintiff respectfully requests that this Court grant Plaintiff's Motion for Voluntary Dismissal in its entirety and grant any other and further relief as this Court deems just and proper.

Respectfully submitted,


___s/Stephen C. Glassman___
GLASSMAN & BULLOCK
Stephen C. Glassman
D.C. Bar Number:      024042
Jesse D. Stein
D.C. Bar:        465504
1950 Old Gallows Rd., Suite 700
Vienna, VA 22182
Telephone:      (301) 670-9200
Facsimile:      (703) 902-9501

Counsel for Plaintiff

Certificate of Service

I hereby certify that on the 17th day of July, 2006, the foregoing Response to Defendant's Opposition to Plaintiff's Motion for Voluntary Dismissal order were filed electronically and mailed by United States mail, postage pre-paid to:

Benton Gregory Peterson
Assistant United States Attorney
Civil Division
555 4th St., NW, Room E4905
Washington, D.C. 20530

__s/Stephen C. Glassman_____
Stephen C. Glassman