# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| ANDREW D. JOHNSON, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 05-2079 (RMU) |
| | : | | |
| v. | : | Document No.: | 10 |
| | : | | |
| MICHAEL WYNNE, *in his capacity as* | : | | |
| SECRETARY OF THE AIR FORCE,[1] | : | | |
| | : | | |
| Defendant. | : | | |

## <u>MEMORANDUM OPINION</u>

### Granting the Plaintiff's Motion for Voluntary Dismissal

## I. INTRODUCTION

This matter comes before the court on the plaintiff's motion for voluntary dismissal without prejudice. The plaintiff, Andrew D. Johnson, brings suit against the United States Air Force, ("USAF"),[2] alleging that the defendant unlawfully disclosed personal information to the Church of God Ministries (the "Church") and the Church subsequently revoked his credentials as a Protestant minister. The defendant opposes the plaintiff's motion for voluntary dismissal, arguing that the court should dismiss the case with prejudice. Because the defendant will not suffer prejudice, the court grants the plaintiff's voluntary dismissal without prejudice.

---

[1]    The plaintiff's complaint names former Secretary of the Air Force Peter Green as the defendant in this suit. Michael Wynne is the current Secretary of the Air Force . Thus, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, the court substitutes Michael Wynne for Peter Green as the proper defendant in this suit. Fed. R. Civ. P. 25(d)(1); *Network Project v. Corp. for Pub. Broad.*, 398 F. Supp. 1332, 1336 (D.D.C. 1975) (explaining that "[s]ubstitution is appropriate when the original officer is replaced by an acting officer").

[2]    The plaintiff's complaint also lists the Church of God Ministries as a defendant. On March 15, 2006, however, the plaintiff voluntarily dismissed the complaint against that defendant.

## II.  BACKGROUND

### A.  Factual Background

The plaintiff is a former USAF chaplain endorsed by the Church to perform religious ministry.  Def.'s Mot. for Summ. J., Statement of Material Facts Not in Dispute ("Def.'s Stmt.") ¶ 3; Compl. ¶ 6.  The Church is an "endorsing agent" which vouches for the ability of a chaplain to perform religious ministries to members of the armed forces.  Def.'s Stmt.¶ 1; Compl. ¶ 5. The plaintiff was the head Protestant chaplain at a number of congregations throughout the military community.  Compl. ¶ 6.

The plaintiff claims he experienced hostility in the workplace in January and February 2005.  *Id.* ¶ 10.  He alleges that his co-workers complained to his supervisors, questioned his leadership abilities, and accused him of using race as a basis in his sermons.  *Id.* ¶ 10, 16.  In addition, the plaintiff asserts that his co-workers reported that he was having an extramarital affair with a junior enlisted member of the USAF.  *Id.*

According to the plaintiff, his supervisors reduced his responsibilities as a result of his co-workers' allegations of misconduct.  *Id.* ¶ 10.  In February 2005, the defendant removed the plaintiff from his position as chaplain and issued an order instructing the plaintiff to desist fraternization with the junior enlisted member.  *Id.*  Further, the defendant initiated a criminal investigation against the plaintiff in March 2005 to ascertain the validity of the allegations. Def.'s Stmt.¶ 3; Compl. ¶ 11.  The investigation yielded an unfavorable determination for the plaintiff, the veracity of which is in dispute.  Compl. ¶ 15; Def.'s Stmt. ¶ 3.  On September 14, 2005, the defendant issued a Letter of Reprimand ("LOR") to the plaintiff and included a

2

summary of the investigation in the plaintiff's military file.  Def.'s Stmt.¶ 3-5; Compl. ¶ 15, 21.

Shortly thereafter, on August 17, 2005, R. David Erb, the Chaplain Ministries Coordinator for the Church, provided the plaintiff with a letter explaining that the Church had revoked his ministerial credentials based on the information provided by the defendant's Office of Special Investigations.  Compl. ¶ 15.  Although the LOR delineating the accusations against the plaintiff required him to respond, the plaintiff "specifically declined to respond."  Def.'s Mot. for Summ. J. at 5 & Ex. 2.  Instead, the plaintiff filed suit in this court.  *Id. see also* Def.'s Stmt. ¶ 3; Compl. ¶ 20

### B.  Procedural History

The plaintiff filed his complaint on October 24, 2005 requesting damages and injunctive relief against the Church and the defendant on six different counts.  On March 15, 2006, the plaintiff voluntarily dismissed the Church as a defendant.  The next day, defendant USAF moved to dismiss for failure to state a claim, or in the alternative, for summary judgment.  Per the court's minute order, the plaintiff's response to the defendant's dispositive motion was due on or before June 30, 2006.  On June 29, 2006, the plaintiff moved for voluntary dismissal of the claims without prejudice against defendant USAF.  The court now addresses the plaintiff's motion.

### III.  ANALYSIS

### A.  Legal Standard for Voluntary Dismissal

Federal Rule of Civil Procedure 41(a) governs voluntary dismissal of an action.  FED. R. CIV. P. 41(a)(1).  Under Rule 41(a)(1), a plaintiff may dismiss a civil action without an order of

3

the court by filing a notice of dismissal before the adverse party files an answer or motion for summary judgment, or by filing a stipulation of dismissal signed by all parties. *Id.*; *Swift v. United States*, 318 F.3d 250, 252 (D.C. Cir. 2003). Otherwise, under Rule 41(a)(2), "an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper." FED. R. CIV. P. 41(a)(2); *Taragan v. Eli Lilly & Co., Inc.*, 838 F.2d 1337, 1339 (D.C. Cir. 1988). Dismissals under Rule 41(a)(2) "generally [are] granted in the federal courts unless the defendant would suffer prejudice other than the prospect of a second lawsuit or some tactical disadvantage." *Conafay v. Wyeth Labs.*, 793 F.2d 350, 353 (D.C. Cir. 1986); *see also* 9 FED. PRAC. & PROC. CIV.2d § 2364. A court applying Rule 41(a)(2) therefore must consider whether the plaintiff seeks the motion for voluntary dismissal in good faith, and whether the dismissal would cause the defendant "legal prejudice" based on factors such as the defendant's trial preparation efforts, any excessive delay or lack of diligence by the plaintiff in prosecuting the action, an insufficient explanation by the plaintiff for taking nonsuit, and the filing of motions for summary judgment by the defendant. *In re Vitamins Antitrust Litig.*, 198 F.R.D. 296, 304 (D.D.C. 2000).

Because the defendant has filed a motion to dismiss, or in the alternative, for summary judgment and has not stipulated to the dismissal, Rule 41(a)(1) does not apply. *Cf. Lodge No. 5 of the Fraternal Order of Police v. City of Philadelphia*, 1995 WL 596162, at *1 (E.D. Pa. Oct. 5, 1995) (applying Rule 41(a)(1) because the defendants' motions to dismiss "seeks dismissal only, and not summary judgment in the alternative"); *Robertson v. McCloskey*, 1988 WL 23255, at *1 (D.D.C. Mar. 4, 1988) (noting that the defendant had not consented to the plaintiff's motion). Accordingly, Rule 41(a)(2) controls the court's analysis. *Id.* (citations omitted).

4

**B**. **The Court Grants the Plaintiff's Motion for Voluntary Dismissal Without Prejudice**

The plaintiff argues that the court should grant his motion for voluntary dismissal without prejudice because he was discharged from the USAF on May 31, 2006 and intends to pursue administrative remedies as a result of his discharge. Pl.'s Mot. for Voluntary Dismissal ("Pl.'s Mot.") at 2. The defendant, on the other hand, argues that the plaintiff's case should be dismissed with prejudice because the plaintiff lacked diligence in prosecuting his claim, caused unnecessary delay, and cost the defendant the time and expense of preparing its dispositive motion. Def.'s Opp'n to Pl.'s Mot. for Vol. Dismiss. ("Def.'s Opp'n") at 1, 6. The court addresses these arguments in turn.

### 1. Lack of Diligence

The defendant argues that the court should deny the plaintiff's motion for voluntary dismissal because the plaintiff lacked diligence in prosecuting his claim. Def.'s Opp'n at 6. The defendant's argument, however, is wholly conclusory and the defendant fails to explain why the plaintiff's actions constitute a lack of diligence. The closest the defendant comes to showing that the plaintiff lacked diligence in prosecuting his claim is to argue that the plaintiff did not exhaust his administrative remedies, thereby depriving this court of jurisdiction.[3] Def.'s Opp'n at 2, 6.

The failure to exhaust one's administrative remedies, however, is not probative of diligence. In evaluating whether the plaintiff lacked diligence, the court looks to instances that suggest a lack of compliance, and disregard for, or failure to meet deadlines. *See e.g.*, *Teck Gen.*

---

[3]       It is unclear whether the court lacks jurisdiction as a result of the plaintiff's failure to exhaust his administrative remedies. The plaintiff has not yet filed an opposition brief to the defendant's motion to dismiss, or in the alternative, motion for summary judgment. As a result, the court does not have full briefing on the matter.

*P'ship v. Crown Cent. Corp.*, 28 F. Supp. 2d 989, 992 (E.D. Va. 1998) (concluding that the

plaintiff lacked diligence because he disregarded the defendant's pretrial order); *see also*

*Ratkovich v. Smith Kline and French Labs.*, 1990 WL 17070, at *5 (N.D. Ill. Feb. 2, 1990)

(finding a lack of diligence and bad faith because the plaintiff did not comply with discovery

requests). Although a failure to exhaust remedies might be interpreted as a lack of diligence in

pursuing an administrative claim, the failure to exhaust remedies at the administrative level does

not suggest a lack of compliance or failure to meet this court's deadlines. To the contrary, the

plaintiff's failure to exhaust his administrative remedies supports a decision in favor of plaintiff's

motion for voluntary dismissal without prejudice. *See e.g., Jones v. Ashcroft*, 321 F. Supp. 2d 1,

12 (D.D.C. 2004) (dismissing the plaintiff's Title VII claim without prejudice because of the

plaintiff's failure to exhaust his administrative remedies); *see also Scott v. England*, 264 F. Supp.

2d 5, 9 (D.D.C. 2002) (granting the plaintiff's motion for voluntary dismissal without prejudice

because the plaintiff failed to exhaust administrative remedies); *see also Postels v. Peters*, 2000

WL 280018, at *7 (E.D. La. Mar. 15, 2000) (dismissing the plaintiff's claim against the Air

Force without prejudice because the plaintiff did not exhaust his administrative remedies). In

short, the plaintiffs' actions do not evince a lack of diligence in prosecuting his claim in this

court.

### 2. Unnecessary Delay

The defendant also argues that the court should deny the plaintiff's motion because the

plaintiff did not respond to the defendant's dispositive motion for three months. Def.'s Opp'n at

2-3. The defendant insists that the plaintiff "waited" for the defendant to file its dispositive

motion before the plaintiff filed his motion for voluntary dismissal. *Id.* Presumably, the

defendant is arguing that the plaintiff caused unnecessary delay when he did not respond to the defendant's own dispositive motion within the timeframe set out by the Federal Rules of Civil Procedure and instead filed the instant motion.

"[A]lthough the plaintiff's behavior is far from praiseworthy,[4] the court must look at whether the plaintiff has demonstrated *excessive* delay and lack of diligence in prosecuting this action as a whole." *Hisler v. Gallaudet*, 344 F. Supp. 2d 29, 37-38 (D.D.C. 2004) (emphasis added) (citations and quotations omitted). The plaintiff's motion, as a whole, is not excessively tardy. Although the plaintiff filed his motion three months after the defendant filed its own dispositive motion, the plaintiff's time for responding to the defendant's dispositive motion had not yet run. *See* Min. Order (May 31, 2006) (granting unopposed motion for extension of time). Additionally, the plaintiff filed the instant motion eight months after filing the complaint and after the defendant had already received a two-month enlargement of time to file its response to the complaint. Thus, this case is still in the early stages of litigation. *See, e.g., Davis v. Huskipower Outdoor Equip. Corp.*, 936 F.2d 193, 199 (5th Cir. 1991) (affirming the denial of a motion for voluntary dismissal which was filed more than one year after the case was removed to federal court and "after months of filing pleadings, attending conferences, and submitting memoranda"); *cf. Ratkovich*, 1990 WL 17070, at *5 (denying the plaintiff's motion for voluntary dismissal without prejudice when the plaintiff moved for voluntary dismissal two months before the close of discovery for an action that had been pending for almost two years). Considering the short life span of this litigation, the court concludes that the plaintiff has not demonstrated

---

[4]        The plaintiff's opposition to the defendant's dispositive motion was due on March 27, 2006. The plaintiff, however, failed to respond to the motion. Instead, on May 9, 2006, the plaintiff filed a motion for leave to late-file his opposition. The defendant did not oppose the motion.

excessive delay in prosecuting his action.

### 3. Time and Expense

In addition to lack of diligence and unnecessary delay, the defendant argues that it incurred substantial time and expense gathering and compiling administrative records from various departments within the agency to draft a dispositive motion in this case. Def.'s Opp'n at 1. The mere fact that the defendant may have incurred substantial expense prior to dismissal does not amount to legal prejudice. *In re Vitamins*, 198 F.R.D. at 304. Additionally, the court has broad discretion to impose conditions that "alleviate the harm (other than tactical disadvantage) that the defendant will suffer if the motion is granted." *Id.* at 305. Of course, the court is also mindful that the purpose of Rule 41(a)(2) is to "protect a defendant from any prejudice or inconvenience that may result from a plaintiff's voluntary dismissal." *Taragan v. Eli Lilly and Co., Inc.*, 838 F.2d 1337, 1340 (D.C. Cir. 1988). Therefore, "if the plaintiff should chose to refile [after exhausting administrative remedies], the defendant then has the option of submitting a detailed statement itemizing its costs and fees for work-product in this litigation that cannot be used in the future action." *Gallaudet*, 344 F. Supp. 2d at 39 (D.D.C. 2004). Because the court concludes that the plaintiff has been diligent in prosecuting his claim, that he has not caused an excessive delay in the litigation, and because "pendency of a dispositive motion alone is not grounds for denying the plaintiff's dismissal motion," *id.*, the court rules that granting the

plaintiff's motion for dismissal without prejudice will not prejudice the defendant.[5]

## IV.  CONCLUSION

For the forgoing reasons, the court grants without prejudice the plaintiff's motion for voluntary dismissal.  An order consistent with this Memorandum Opinion is separately and contemporaneously issued this 18th day of December, 2006.

RICARDO M. URBINA
United States District Judge

---

[5]      The court is also wary of denying the plaintiff his right to legal recourse if he possesses a potentially meritorious claim.  *See e.g., Jackson v. District of Columbia*, 254 F.3d 262, 270 (D.C. Cir. 2001) (opining that the plaintiffs' failure to exhaust administrative remedies before bringing their claim to district court should have led to a dismissal *"without* prejudice, allowing the plaintiffs' to refile once they had completed the [administrative] grievance procedure") (emphasis added); *see also Hackney v. Sheeskin*, 503 A.2d 1249, 1253 (D.C. 1986) (holding that a dismissal with prejudice terminates plaintiff's rights once and for all, and because of that, "it is a drastic remedy and should be granted sparingly").